UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL TORELL, | CASE NO. 3:25-cv-05504-DGE |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| v. | |
| STATE OF WASHINGTON et al., | |
| Defendant. | |

**I   INTRODUCTION**

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a).

**II   BACKGROUND**

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP) and who is not currently in custody, has submitted a complaint related to events occurring when he was in custody. (*See* Dkt. No. 1-1.) He sues 44 individuals, including Washington DOC officials and a host of nurses. (*See id.* at 2–5.) Plaintiff alleges that "I was assaulted, resulting in a fractured rib and a

ORDER DISMISSING COMPLAINT - 1

concussion." (*Id.* at 7.)  This resulted in "inability to breathe, causing me to fall down/pass out[.]" (*Id.*)  He alleges that "defendants denied me medical care for a laryngeal mass on my vocal chord that was impeding my airway from 1/18/23 until it was removed on 9/1/23." (*Id.* at 9.)  He does not include any numbered counts in his complaint, but alleges that these conditions amounted to deliberate indifference in violation of the Eighth Amendment.  (*Id.* at 7–8.)

### III    DISCUSSION

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc ).  "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

As currently formulated, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.  Plaintiff's complaint makes allegations that could form the basis of one or more viable claim(s), but he is missing critical details.  For instance, Plaintiff does not state what institution(s) he was detained in, at what period(s) of time.  As to his medical claim, Plaintiff does not state which of

the 44 Defendants are responsible for the alleged deliberate indifference to his serious medical needs, and how they knew of his condition. These details are necessary to state a claim for deliberate indifference.[1] Further, Plaintiff's claim regarding assault should be pled as a separate count of excessive force, detailing the circumstances under which force was used—assuming Plaintiff is alleging one or more of the Defendants committed such assault. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (test for Eighth Amendment excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

## IV   CONCLUSION

Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) but provides Plaintiff with an opportunity to file an amended complaint to address the deficiencies noted in this opinion. Plaintiff shall file his amended complaint no later than July 21, 2025.

The Clerk shall calendar this event.

Dated this 1st day of July, 2025.

David G. Estudillo
United States District Judge

---

[1] "Deliberate indifference [in violation of the Eighth Amendment] 'may appear when prison officials deny, delay or intentionally interfere with medical treatment[.]'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson*, 501 U.S. at 302–03). Negligence or malpractice does not violate the Eighth Amendment. *Farmer*, 511 U.S. at 835.