UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL TORELL,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF WASHINGTON et al.,<br><br>　　　　　　　Defendant. | CASE NO. 3:25-cv-05504-DGE<br><br>ORDER DENYING MOTION TO PRODUCE AND PRESERVE EVIDENCE (DKT. NO. 17) |

　　　　This matter comes before the Court on Plaintiff's motion to produce and preserve evidence.  (Dkt. No. 17.)  For the reasons set forth herein, the motion is DENIED.

**I　　BACKGROUND**

　　　　On September 25, 2025, Plaintiff filed a motion to produce and preserve evidence.  (Dkt. No. 17.)  He argues evidence such as telephone call logs, call recordings, text messages, and in-house kiosk communications are directly relevant to prove his claims. (*Id.* at 1.)  He states, without factual support, that the "[p]reliminary records produced in response to public records requests appear incomplete and selectively produced." (*Id.* at 2.)  He requests the Court issue an

ORDER DENYING MOTION TO PRODUCE AND PRESERVE EVIDENCE (DKT. NO. 17) - 1

order compelling Defendants to produce and preserve a broad spectrum of evidence related to his claims, including electronic records and physical evidence. (*Id.*)

## II   DISCUSSION

As to Plaintiff's request that Defendants produce evidence, it is DENIED without prejudice as premature. Plaintiff has not yet filed an amended complaint as ordered by the Court, and no defendants have appeared in this matter.

While federal courts have the implied or inherent authority to issue preservation orders as part of their general authority "to achieve the orderly and expeditious disposition of cases, because of their very potency, inherent powers must be exercised with restraint and discretion." *Flukes Elecs. Corp. v. CorDEX Instruments, Inc.*, No. C12-2082JLR, 2013 WL 566949, at *12 (W.D. Wash. Feb. 13, 2013) (citing *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1071 (C.D. Cal. 2009)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). In ruling on motions to preserve evidence, some courts employ a two-prong test that requires the moving part to demonstrate that (1) the order is necessary and (2) it is not unduly burdensome. *Id.* (citation omitted). Other courts use a more detailed three-factor balancing test that weighs:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing the preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*Id.* (citation omitted). The difference between the two tests "lies in what the moving party must show with respect to the content of the evidence that is danger of being destroyed," but courts observe the "distinction is more apparent than real." *Id.* (citation omitted).

Here, Plaintiff's motion fails under either standard. Plaintiff has presented no basis for the Court to conclude that Defendants have altered or destroyed any evidence. Plaintiff also has not shown the preservation order would not be burdensome to Defendants. He does not address the burden on Defendants at all—rather, his request is premised on his contention the evidence is "directly relevant" to his claims. (Dkt. No. 17 at 1.) Moreover, Defendants have not been served with process because Plaintiff has not filed an appropriate amended complaint. The Court concludes that entry of a preservation order is unwarranted at this time and denies Plaintiff's request.

### III   CONCLUSION

For the reasons stated herein, the Court DENIES Plaintiff's motion to produce and preserve evidence.

Dated this 29th day of September, 2025.

David G. Estudillo
United States District Judge