1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

MICHAEL TORELL,

CASE NO. 3:25-cv-05504-DGE

12

Plaintiff,

v.

ORDER DISMISSING
COMPLAINT

13

STATE OF WASHINGTON et al.,

14

Defendant.

15

16      This matter comes before the Court *sua sponte* pursuant to 28 U.S.C. § 1915(a).  Plaintiff,

17  who is proceeding *pro se* and *in forma pauperis* ("IFP"), has submitted an amended complaint

18  suing Defendants for deliberate indifference stemming from his medical needs.  (Dkt. No. 24 at

19  1.)  This Court previously entered an order dismissing Plaintiff's complaint with leave to amend

20  under 28 U.S.C. § 1915(e)(2)(B).  (Dkt. No. 7.)  The Court ordered Plaintiff to file his amended

21  complaint no later than November 7, 2025, or his case would be dismissed without prejudice.

22  (Dkt. No. 23.)  On November 12, 2025, Plaintiff filed an amended complaint.  (Dkt. No. 24.)

23

24

ORDER DISMISSING COMPLAINT - 1

1    Because this complaint is untimely, and because it fails to state a claim upon which relief can be

2    granted, the Court DISMISSES the case.

3                                    **I        BACKGROUND**

4           In his second amended complaint, Plaintiff alleges that from August 2, 2022 through June

5    1, 2024, while he was incarcerated at Clallam County Jail and the Washington State Department

6    of Corrections, Defendants acted "with deliberate indifference to his serious medical needs in

7    violation of the Eighth Amendment's prohibition against cruel and unusual punishment." (Dkt.

8    No. 24 at 1.)  Plaintiff alleges that on August 2, 2022, prior to being booked into jail, a CT scan

9    revealed that Plaintiff had a cyst in his throat, and Plaintiff was instructed to follow up with an

10   ear, nose, and throat specialist within two weeks.  (*Id.*)  Plaintiff claims that "[j]ail and DOC staff

11   were aware of this diagnosis and medical instruction," yet failed to provide any follow up care or

12   specialist evaluation.  (*Id.*)  Plaintiff alleges, "Instead of treatment, Plaintiff was given throat

13   lozenges, juice, and told he might have COVID, while staff ignored the documented medical

14   directive requiring immediate attention."  (*Id.*)  Plaintiff alleges he informed "numerous

15   correctional officers, sergeants, and counselors," that he was either choking or having trouble

16   breathing, and these individuals "either ignored him, made him wait hours, or mocked his

17   condition."  (*Id.*)

18          Plaintiff claims that "Officer Mr. Brown" observed Plaintiff's distress but stated that his

19   sergeant instructed him not to sign or assist, and "Defendant Dr. Light," "ARNP M. Godwin,"

20   and "other named DOC medical providers" had direct knowledge of Plaintiff's throat condition.

21   (*Id.* at 2.)  "At least one nurse" visually examined Plaintiff's throat and failed to order diagnostic

22   testing or physician review, and "[s]taff who examined Plaintiff" documented his symptoms but

23   only issued mild discomfort medications and delayed referral for months.  (*Id.*)  Plaintiff does

24

1    not include any numbered counts in his complaint, but contends these facts constitute deliberate

2    indifference under the Eighth and Fourteenth Amendments.  (*Id.*)

**II       DISCUSSION**

4          Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is

5    subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is

6    frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

7    relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v.*

8    *Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

9    limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc ).  "The

10   standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be

11   granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6)

12   standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012);

13   *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant

14   to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim

15   under Federal Rule of Civil Procedure 12(b)(6).").

16          The amended complaint was filed on November 12, 2025.  (Dkt. No. 24.)  This was five

17   days after the date Plaintiff was required to file the amended complaint.  The amended complaint

18   should be dismissed because it was untimely filed.

19          Moreover, the amended complaint is vague as to the involvement of each purported

20   Defendant such that is unclear whether the Eighth Amendment or Fourteenth Amendment

21   applies.  Plaintiff identifies he was "incarcerated at Clallam County Jail and subsequently within

22   the Washington State Department Corrections."  (Dkt. No. 24 at 1.)  Plaintiff does not identify

23   whether his time at the Clallam County Jail included pretrial detention versus post-conviction

24

ORDER DISMISSING COMPLAINT - 3

1  detention.  Nor does he identify when he was transferred from the Clallam County Jail to the

2  State Department of Corrections.  Plaintiff also does not identify which correctional staff at

3  which correctional facility knew of his alleged medical condition or when and how they obtained

4  such information.

5        The distinction between pretrial detention and post-conviction confinement is important

6  because protections under the Eighth Amendment do not attach until after conviction.  *Ingraham*

7  *v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after

8  the States has complied with the constitutional guarantees traditionally associated with criminal

9  prosecutions."); *see also Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).  Whereas "[c]laims by

10  pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than

11  the Eight Amendment." *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998).  And although the

12  same standards may be applied to prisoner rights under the Fourteenth Amendment and the

13  Eighth Amendment, *id*., failing to identify "a short and plain statement of the claim" against each

14  defendant does not comport with the requirements of Federal Civil Procedure Rule 8.[1]

15        As to the merits of the alleged constitutional violations, "[d]eliberate indifference [in

16  violation of the Eighth Amendment] 'may appear when prison officials deny, delay or

17  intentionally interfere with medical treatment[.]'" *Colwell v. Bannister*, 763 F.3d 1060, 1066

18  (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). "[A]

19  prison official violates the Eighth Amendment when two requirements are met.  First, the

20  deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S.

21  825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, Plaintiff must

22

23  [1] Also, Plaintiff fails to identify whether his constitutional claims are being brought under 42
    U.S.C. § 1983, which normally is the vehicle for asserting constitutional claims against
    defendants acting under color of state law.
24

ORDER DISMISSING COMPLAINT - 4

1    make a subjective showing that the prison official he seeks to hold liable acted with a

2    "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or

3    safety." *Farmer*, 511 U.S. at 834. (quoting *Wilson*, 501 U.S. at 302–03).  Under the objective

4    requirement, the prison official's acts or omissions must deprive an inmate of the "minimal

5    civilized measure of life's necessities." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)

6    (internal citations omitted).  This objective component is satisfied so long as the institution

7    "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and

8    personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982); *see also Farmer*, 511

9    U.S. at 832.  Under the subjective standard, deliberate indifference requires a showing that the

10    prison official "knows of and disregards an excessive risk to inmate health or safety; the official

11    must both be aware of facts from which the inference could be drawn that a substantial risk of

12    serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  A prison

13    official is deliberately indifferent only if they know that a prisoner faces a substantial risk of

14    serious harm and disregards it by failing to take reasonable steps to abate it.  *Id.*

15         Here, Plaintiff's amended complaint does not provide the required showing that his

16    treatment meets either the objective or subjective requirements to demonstrate a constitutional

17    violation.  His claim regarding medical care does not suggest that his basic needs were not met,

18    only that Defendants did not refer him to a specialist for months.  Furthermore, Plaintiff names

19    only three Defendants in his proposed amended complaint: Scott Light, PA-C; Michael Godwin,

20    ARNP; and "Officer Mr. Brown."[2]  Plaintiff does not allege facts showing that any of these

21

22

23    _____
      [2] There are two Defendants with the last name "Brown:" Alyssa Brown, CMA and J. Brown,
      CMA.  The Court is unclear which Defendant Plaintiff is referring to.

24

ORDER DISMISSING COMPLAINT - 5

1  named Defendants had a "sufficiently culpable state of mind."[3]  Thus, Plaintiff fails to state a

2  claim upon which relief may be granted.

3                              **III    CONCLUSION**

4         Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C.

5  § 1915(e)(2)(B)(ii) without prejudice.  Plaintiff will be given one last opportunity to correct the

6  deficiencies identified in this Order.  Plaintiff shall file a second amended complaint **no later**

7  **than December 12, 2025**.  If Plaintiff fails to file a second amended complaint by such date that

8  addresses the deficiencies identified herein, the matter will be closed.

9         The Clerk is directed to calendar this event.

10        Dated this 14th day of November, 2025.

11

12

13                                             David G. Estudillo
                                               United States District Judge

14

15

16

17

18

19

20

21

22

23

24  ───────────────────
    [3] Plaintiff fails assert *any* cause of action against the other 41 Defendants.

ORDER DISMISSING COMPLAINT - 6